**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BEASLEY MEDIA GROUP, LLC.<br>3033 Riviera Drive 200<br>Naples, Florida 34103<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY GARGANO<br>115 Saddle Court<br>Mullica Hill, New Jersey 08062<br><br>and<br><br>BSN LIVE, INC. d/b/a ALLCITY NETWORK<br>2239 Colfax Avenue<br>Denver, Colorado 80206<br><br>Defendants. | : | Civil Action No. |

**VERIFIED COMPLAINT**

Beasley Media Group, LLC ("Beasley" or the "Company"), by and through its undersigned counsel, hereby brings the following Complaint for injunctive relief and damages against Anthony Gargano ("Gargano") and for damages against BSN Live, Inc., d/b/a ALLCITY Network ("All City") (collectively "Defendants") and avers as follows:

**PRELIMINARY STATEMENT**

Beasley brings this action to ensure that Gargano complies with the terms of his Employment Agreement (the "Agreement"), which merely restricts Gargano from performing certain competitive acts within the Philadelphia market during his employment and for six months thereafter. Beasley also brings this action to prevent All City from running roughshod over

Beasley's Agreement with Gargano, a strategy that All City and Gargano have apparently hatched in order to steal Beasley's investments for their own new venture in Philadelphia.

1. Beasley is the owner and operator of 97.5 The Fanatic, a local sports media platform that covers the Philadelphia sports scene through multiple forms of media including terrestrial radio broadcasts, web-based streaming and podcasts, social media, and the publication of articles and other written sports analysis. Gargano is a popular on-air personality with 97.5 The Fanatic who is well known to the Philadelphia market for his sports commentary and coverage of the major sports franchises in this region. Gargano has worked for Beasley in Philadelphia pursuant to an employment agreement since 2015, with a current term of employment set forth in the Agreement to expire on October 7, 2024.

2. Under both his Agreement and the common law duty of loyalty, Gargano is prohibited from providing services to a competing business while he is employed by Beasley. Despite this clearly defined obligation not to compete with his current employer, Gargano notified Beasley on September 11, 2023 that he intends to do precisely that: Gargano advised Beasley that he intends to continue producing content for The Fanatic, but also that he has accepted employment with All City where he will perform on podcasts, write articles, and likely create other forms of Philadelphia sports-focused content that will compete directly with Beasley. In other words, Gargano intends to work simultaneously for two competing business to provide sports coverage and commentary to the Philadelphia marketplace, targeting the same audience and competing for the same local advertisers on each platform.

3. Less than twenty-four hours after providing such notice, All City blitzed the Philadelphia market with press releases announcing the launch of its newest media platform—PHLY Sports—a "hyperlocal" sports coverage network focused on the Philadelphia sports scene. The announcement introduced a new line-up of content creators, including at least one

former Beasley employee who recently resigned in violation of his employment agreement and who is still subject to a non-competition provision with Beasley. All City's media blitz also placed considerable emphasis on a press release announcing that Gargano would be "coming soon" to the platform. Disturbingly, All City's CEO has since claimed in the press that Gargano has been involved with the launch of PHLY Sports "since its inception" and that he has been instrumental in the creation of a competing media platform that is actively poaching Beasley's employees. Beasley's investigation into those allegations is ongoing.

4. Beasley brings this action to prevent further harm to its business and to enforce the terms of Gargano's Agreement, through which Beasley is entitled to receive Gargano's exclusive service and undivided loyalty for the remaining term of his employment and for six months thereafter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this civil action occurred in this district.

## THE PARTIES

7. Plaintiff Beasley Media Group, LLC is a Delaware limited liability company with its headquarters located in Naples, Florida.

8. Anthony Gargano is an individual and citizen of the State of New Jersey.

9. BSN Live, Inc., doing business as ALLCITY Network, is a Colorado corporation with headquarters located in Denver, Colorado.

## FACTUAL ALLEGATIONS

### A. Relevant Company Background and Employment Terms

10. Beasley is a multiplatform media company providing advertising and digital marketing solutions across the United States. The Company owns sixty-one radio properties located in fourteen large and medium markets across the country. Beasley also offers capabilities in audio technology, esports, podcasting, ecommerce, and events. Beasley's platforms reach more than 20 million consumers nationwide on a weekly basis.

11. One of the platforms that Beasley owns and operates is "97.5 The Fanatic." The Fanatic is a Philadelphia-based multimedia platform that produces terrestrial radio shows, sports journalism (both in print and on-air), internet streaming content, and podcasts. The Fanatic also publishes content on all the major social media sites, including YouTube, Facebook, Instagram, and X (formerly known as Twitter). The material produced and published by The Fanatic focuses on the major sports teams in the Philadelphia region.

12. All City is a Denver-based start-up company that owns and operates sports-focused multimedia platforms in several major cities, including Denver, Chicago, and Phoenix. Each of All City's media platforms produces primarily web-based content, including podcasts, YouTube videos, and articles, covering the major sports teams affiliated within each region where it operates. All City is in the process of a national expansion campaign and intends to compete with Beasley in several major cities, including Philadelphia and Boston, boasting of "a total of $8.3 million in venture capital mixed with angel investors."

13. Gargano is a current Beasley employee and one of the major on-air content creators for the Fanatic in Philadelphia. Gargano is the host of "The Anthony Gargano Show," which broadcasts on 97.5 FM, weekdays from 10:00 a.m. to 2:00 p.m. Gargano's show is also livestreamed on the Fanatic website (www.975thefanatic.com) as well as on Amazon, YouTube and several smart phone applications including the Fanatic App and Audacy. Recorded

segments and full episodes of the Anthony Gargano show are further edited and disseminated as podcasts on the Fanatic website as well as on all major podcast providers, including YouTube, Apple, and Spotify.

14. Gargano is one of The Fanatic's top talents and is highly compensated for his work on behalf of Beasley. In addition to the salary he is paid by Beasley, Gargano has the ability to earn, and has earned, significant bonuses and endorsement fees from third parties who desire to advertise through his show on the Fanatic, by paying for Gargano to make appearances at events, or to broadcast the Anthony Gargano Show live from their business location.

15. Beasley expended substantial time and money to boost Gargano's profile throughout the Philadelphia market, giving him a platform from which to build an audience and advertising his show heavily in multiple media outlets.

16. Gargano is employed pursuant to the Agreement, which is dated October 8, 2021, and that provides for a three-year term of employment ending on October 7, 2024. The terms of the Agreement are confidential. (A copy of the Agreement is being filed herewith under seal as Exhibit A).

17. In addition to seeing his profile boosted substantially through Beasley's efforts to promote him, Gargano derived numerous benefits from the Agreement, including: (a) a three-year term of employment whereby he would get substantial severance if terminated without cause; (b) a six-figure salary and the potential to earn five-figure bonuses on a quarterly basis; and (c) participation in Beasley's benefits plans.

18. Pursuant to the Agreement, Gargano agreed to perform services for Beasley as an "On-Air Mid-Day Host," which includes the following duties:

> prepare, present, and deliver Station audio, video and/or streaming programming including live and recorded music, news and/or talk, commercials, podcasts and other programming elements.
>
> […]
>
> Make public appearances which may be broadcast by Employer that promote and publicize Station or Employer or which aid Employer in selling of commercial time.
>
> […]
>
> Create and post daily programming content and promotional material on Station's website and on social networking sites as Employer shall reasonably require.
>
> Participate in podcasts, videos or any other media, promotions or sessions that Employer reasonably requests to promote Programs, Station and/or Employer.

(Ex. A, ¶3).

19. Consistent with the description of his varied duties for Beasley, in addition to creating "The Anthony Gargano Show," Gargano also publishes articles for the Fanatic covering local and national sports stories that are hosted on the Fanatic website.[1]

20. Pursuant to his contractual obligations set forth above, Gargano also frequently posts content on social media promoting himself and The Fanatic. The Fanatic also publishes Gargano's show on YouTube.

21. Beasley also utilizes Gargano's services in selling advertising packages to businesses in the Philadelphia region. For example, Parx Casino pays Beasley significant sums to advertise on the Anthony Gargano Show and for Gargano to make appearances at its casino and to perform his on-air show live at its facilities before an audience. These types of

[1] For example, see https://975thefanatic.com/2023/09/06/joel-embiid-expresses-loyalty-to-sixers-amid-harden-drama/#; https://975thefanatic.com/2023/08/31/james-harden-wants-to-be-the-main-guy-on-a-team-again/;

engagements are part of Gargano's duties and obligations under his employment agreement with Beasley.

22. Several provisions of the Agreement dictate that Beasley is entitled to Gargano's exclusive efforts and undivided loyalty with respect to these duties and make clear that he is not permitted to perform similar services for others during the term of his employment.

23. For example, the Agreement provides:

> **EFFORTS OF EMPLOYEE**. Employee shall devote Employee's full time and best efforts and skill to the performance of Employee's duties and the promotion and development of Employer's business. … Employee shall not, during the Term [of his employment], be or become involved or interested, directly or indirectly, in any manner, as a partner, officer, director, stockholder, advisor, inventor, creditor, employee or in any other capacity in Employer's Business … or allied trade…"

(Ex. A., ¶ 4) (*see also* ¶ 5 (requiring Employee's "full and faithful performance."))

24. The Agreement further provides:

> **NON-COMPETITION.** Employee is familiar with the business of Employer, the commercial and competitive nature of the broadcast industry, and the substantial commitment Employer makes in developing Employee as a personality… . Employee further recognizes that the value of Employers business would be injured if Employee obtained comparable employment within Station's market. It is therefore agreed that, subject to the provisions hereinafter set forth, Employee agrees that during the term of this Agreement and for a period of six (6) months following the termination of employment (for (for any reason, including expiration of this Agreement) (the "Non-Competition Period"), to the extent enforceable under the laws of the state where Station is located, Employee shall not enter into the employ of, perform services for, or agree to perform services of the same or similar nature to those performed by Employee for Employer for an entity or person engaged in Employer's Business or allow the use of Employee's voice, appearance or likeness to be heard or seen live or by recording via a radio or television station within the Philadelphia, PA Nielsen audio market (the "Non-Competition Radius")….

> "Employer's Business" means (i) the transmission, retransmission, or distribution of audio or video programming via terrestrial broadcast signal (analog or digital), wireless, Internet streaming, webcasting, podcasting, hard wire, satellite or any method now known or hereafter developed; (ii) the buying and selling of advertising on media platforms, (iii) internet streaming, (iv) website management and content creation and (v) content creation for distribution platforms, including but not limited to social networking sites, podcasting and mobile phones; (vi) esports; and (vii) programming and podcasts related to esports, gaming, entertainment, sports, news, technology and criticism.

(Ex. A, ¶ 10(b)).

25. Finally, the Agreement contains an explicit exclusivity provision making clear that Gargano may not perform services for, or allow the use of his name, likeness, or voice by anyone engaged in a similar sports media business:

> **<u>EXCLUSIVITY.</u>** … Employee further agrees that, during the Term, Employee shall not, without Employer's prior written consent, permit the use of Employee's name, likeness, voice or endorsement by, or perform any service, including without limitation, on-air performance, writing or production duties, for any other person or business entity whatsoever, including without limitation, any person or entity engaged in Employer's Business…

(Ex. A, ¶ 15).

26. Pursuant to each of the above provisions and based on the nature of Gargano's work for Beasley, which includes providing sports commentary and analysis that is broadcast on all forms of media, including digital media, Gargano is not permitted to provide sports-related content to a competing business in the Philadelphia Market.

27. Beasley has previously granted Gargano a limited exception to the above-described exclusivity provisions so that he could continue to provide content to Fox Sports Radio, an engagement that pre-dates his employment with Beasley. However, Beasley took specific action to limit the impact of Gargano's work for Fox Sports Radio in the Philadelphia market by prohibiting that program from selling advertising within the greater Philadelphia area.

As such, Gargano's work for Fox Radio does not detract from Beasley's ability to sell advertising on his program.

### B. All City Begins Soliciting Beasley's Employees as it Prepares to Launch a Philadelphia Platform

28. In mid-August, 2023, Beasley learned that All City had approached and made offers of employment to several of its employees who are affiliated with 97.5 The Fanatic.

29. At or around that time, Gargano approached his station manager to propose an arrangement whereby he would continue producing content for Beasley and 97.5 The Fanatic, but he would also work for All City to establish a media presence in Philadelphia and to create sports-related content for All City. Gargano further suggested that Beasley should partner with All City and publish The Fanatic's show content on All City's platform. Gargano did not disclose the specific terms of his proposed employment for All City.

30. Beasley declined Gargano's request to accept other employment and communicated that it was not interested in a partnership that would involve assisting a media company establish a competing enterprise in Philadelphia.

31. At or around the same time, All City solicited several other Beasley employees with the intent of hiring them to produce content for its Philadelphia platform.

32. One such employee, Devon Givens, had an employment agreement with Beasley dated April 1, 2022, which provided for a term of employment through March 31, 2025. Mr. Givens was the host of an evening radio show for 97.5 The Fanatic and further acted as a reporter covering local Philadelphia sports with an emphasis on basketball and the Philadelphia 76ers.

33. Similar to the Agreement, Mr. Givens' employment agreement did not permit him to accept other employment during his term with Beasley, and nothing in his agreement allowed

him to resign prior to the expiration of his contract. Mr. Givens' agreement also contained a non-competition provision that precluded his ability to accept employment with a competitor in the Philadelphia region for three (3) months following the termination of his contract.

34. Nevertheless, on or about August 21, 2023, Mr. Givens notified Beasley that he had resigned and would no longer perform his evening radio show for the Fanatic.

35. As a result of Mr. Givens' resignation, Beasley was required to shuffle its personnel to fill the time slot normally devoted to Mr. Givens.

36. Upon information and belief, Mr. Givens breached his employment agreement with Beasley so that he could accept a full time offer of employment with All City.

37. Upon information and belief, Mr. Givens is currently working for All City in violation of the non-compete terms of his employment agreement with Beasley.

38. All City has solicited at least nine other Beasley employees working with 97.5 The Fanatic, including significant content creators, account executives and sales managers.

39. Once Beasley learned of All City's efforts to poach several of its employees, Beasley notified All City by letters dated August 16 and 25, 2023 that Beasley is aware of All City's course of conduct, as well as warning All City to cease any further efforts to induce Beasley employees to breach their agreements with Beasley. At the time of those letters, Beasley was not aware of the full extent of All City's efforts to raid its workforce in Philadelphia.

**C. All City Launches a Philadelphia Sports Network and Touts its Acquisition of Beasley Employees**

40. On September 11, 2023, Gargano advised Beasley that he had accepted a position with All City and would begin his working relationship with All City on the following day.

Gargano also stated that he wanted to continue to perform his duties for Beasley, and that he believed he could do so without a conflict of interest.

41. As a result of Gargano's conduct, on September 12, 2023, Beasley notified Gargano that he was suspended until further notice. While he has been suspended, Gargano continues to be paid by Beasley and remains an employee expected to honor his contractual and legal duties to the company.

42. On September 12, 2023, All City announced the official launch of "PHLY Sports," a multimedia platform focused exclusively on the Philadelphia marketplace, and the major professional and collegiate sports teams associated with this region.

43. As part of its announcement, All City published a video press release on the web and on multiple social media platforms announcing it will produce daily live shows and podcasts covering the Philadelphia sports scene.

44. The video promises content from well-known Philadelphia sports commentators including Devon Givens. The lineup of content creators includes sports talk radio hosts, making clear that All City considers the listeners and fanbases of those individuals to be its target audience.

45. All City's press release trades explicitly on Mr. Givens' name and likeness:




46. All City's video further teased that Anthony Gargano would be "coming soon" to the platform, again using his name and likeness:

**AND COMING SOON**




47. As of the filing of this Complaint, PHLY Sports appears to be operating a website with both free and subscription-based content, which includes articles covering regional sports stories that are similar in nature to articles published on the Fanatic website.

48. PHLY Sports also announced that it will be producing and livestreaming separate daily podcasts on YouTube for each of the major professional sports franchises in Philadelphia, as well as for Penn State sports.

49. While their names and images are being used to promote All City's PHLY Sports platform, as of the filing of this complaint it does not appear either Gargano or Givens have yet published content for All City. However, Beasley is not aware what work either may be doing for All City in preparation for future publications and broadcasts.

50. Upon information and belief, Gargano and other former Beasley employees have provided substantial assistance to All City in establishing PHLY Sports, including by soliciting existing Beasley employees to join PHLY Sports, in violation of the exclusive services and non-solicitation provisions of their respective employment agreements.

51. Upon information and belief, All City has compensated Gargano with an ownership interest in All City / PHLY Sports for his efforts in establishing and promoting the platform.

52. All City's co-founder and CEO, Brandon Spano, was interviewed by the Philadelphia Inquirer in connection with the launch of PHLY Sports and is reported to have said that "Gargano was involved with the new site from its inception, and the launch would not have been possible without him."[2] Spano is further quoted in the article as stating "[a]t the moment, we are trying to determine exactly what [Gargano's] involvement looks like as we navigate his contractual situation with the Beasley Media Group" … "What we can promise is that Anthony will be involved in many aspects of the network and at some point, fans will be able to watch him and listen to him on PHLY."[3]

53. Mr. Spano is also quoted in an article published by the Sports Business Journal claiming that Gargano "helped assemble the talent and build the site" and that Mr. Spano "spent much of the summer in Philadelphia working with Gargano…"[4]

54. Accordingly, based on the statements made by Mr. Spano, Gargano has been and is continuing to provide services to All City in advance of producing any public-facing content for PHLY Sports.

55. Upon information and belief, All City has required its employees to sign employment agreements that contain non-competition provisions that preclude its employees

[2] https://www.inquirer.com/sports/phly-sports-youtube-anthony-gargano-975-the-fanatic-allcities-network-20230912.html

[3] *Id.*

[4] https://www.sportsbusinessjournal.com/Articles/2023/09/13/allcity-network-sports-media-philadelphia-anthony-gargano-future.aspx?hl=gargano&sc=0&publicationSource=search

from working for, *inter alia*, sports radio stations—making clear that All City understands it competes with media platforms that broadcast content on terrestrial radio.

**COUNT I – BREACH OF CONTRACT**
**Against Anthony Gargano**

56. All preceding paragraphs are incorporated by reference as if fully set forth herein.

57. The Agreement is a valid and enforceable contract, which meets Pennsylvania state contract law requirements and reasonably protects Beasley's legitimate business interests. The balance of the equities favors enforcement of the Agreement.

58. The Agreement prohibits Gargano from providing services to a competing sports media platform in the Philadelphia region for the duration of his term of employment with Gargano—which does not expire until October 2024—and for a period of six months following the termination of his employment.

59. Gargano breached the terms the Agreement by:

a. assisting All City to establish a competitive sports media network covering the Philadelphia market while employed by Beasley;

b. accepting a position of employment with All City where he is expected to provide the same or similar services to PHLY Sports prior to the expiration of his term of employment with Beasley and before the expiration of the six-month restrictive period that will follow the termination of his employment with Beasley; and

c. Allowing his name, image, and likeness to be used to promote the interests of PHLY Sports.

60. As a direct and proximate result of Gargano's breach of the Agreement, Beasley has suffered, and will continue to suffer, immediate and irreparable harm unless enjoined.

Beasley is therefore entitled to injunctive relief to require compliance with the terms of the Agreement.

61. Beasley has been damaged by Gargano's conduct in competing directly with it in violation of the terms of the Agreement. Accordingly, Beasley is entitled to compensatory damages.

62. Beasley is further entitled to recovery of its attorneys' fees pursuant to Paragraph 18(b) of the Agreement.

**COUNT II – BREACH OF DUTY OF LOYALTY**
**Against Anthony Gargano**

63. All preceding paragraphs are incorporated by reference as if fully set forth herein.

64. As a current employee and an agent of Beasley, Gargano owes Beasley a duty of loyalty, which requires him to act solely for the benefit of Beasley in all matters connected with his employment.

65. Gargano breached his duty of loyalty to Beasley by, among other things, actively working with a competing company to establish a sports media platform in Philadelphia while employed by Beasley.

66. Gargano further breached his duty of loyalty by accepting an employment / ownership position with All City while he remains a current employee and agent of Beasley with the understanding that he will produce content for All City at the expense of Beasley.

67. Gargano further breached his duty of loyalty by permitting All City to use his name, image, and likeness to promote its competing business, with the understanding that Gargano is closely associated with The Fanatic and therefore is using the goodwill associated with his work for Beasley to benefit a competing enterprise.

68. Upon information and belief, Gargano further breached his duty of loyalty by assisting All City to solicit other Beasley employees and to induce such employees to leave their employment with Beasley to accept positions with All City.

69. All City's interests conflict with Beasley as both operate in and target the Philadelphia market and compete for market share of the viewers residing in and around Philadelphia and its surrounding counties. Market share directly impacts each entity's ability to sell advertising on their platforms.

70. As a result of Gargano's breaches of his duty of loyalty, Beasley is entitled to money damages, including lost profits and/or unjust enrichment, as well as disgorgement of Gargano's compensation for the period in which he has worked against the interests of the Company.

**COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT**
**Against BSN Live, Inc., d/b/a ALLCITY Network**

71. All preceding paragraphs are incorporated by reference as if fully set forth herein.

72. Gargano was employed by Beasley pursuant to an express employment agreement at all times relevant to this action. The Agreement includes a term requiring his services through October 7, 2024.

73. The Agreement further prohibits Gargano from accepting employment, or taking an ownership interest in, other businesses engaged in similar sports related media in the Philadelphia region.

74. The Agreement further prohibits Gargano from directly or indirectly soliciting other Beasley employees to accept employment with a competing enterprise.

75. Beasley provided All City with a copy of the Agreement and therefore has specific knowledge of the terms and conditions of Gargano's agreement with Beasley.

76. Despite such knowledge, and without privilege or justification, All City took action specifically intended to induce Gargano to violate the terms of his Agreement and harm the employment relationship between Beasley and Gargano.

77. Beasley has been harmed through the loss of the undivided efforts of one of its key employees and through the dilution / loss of the goodwill associated between Gargano's name, image and likeness and 97.5 The Fanatic.

78. For example, a major advertiser with The Fanatic has already cancelled its advertising schedule with Beasley because of the events surrounding Gargano's affiliation with another media outlet and his temporary suspension from broadcasting duties for The Fanatic.

79. As a result of All City's tortious interference with Beasley's contractual rights, Beasley is entitled to money damages, including lost profits and/or unjust enrichment, as well as punitive or exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Beasley Media Group, LLC requests the following relief:

a) Defendant Anthony Gargano be enjoined, preliminarily until hearing, and thereafter permanently, from breaching the obligations set forth in the Agreement, and specifically prohibiting him from continuing to work for All City within the Philadelphia, PA Nielsen audio market for the duration of his term of employment with Beasley, and for the six-month restrictive period following the expiration of his term or a termination event, whichever comes first;

b) Defendant Anthony Gargano be enjoined, preliminarily until hearing, and thereafter permanently, from maintaining an ownership interest, if any, in All City and/or PHLY

Sports for the duration of his term of employment with Beasley, and for the six-month restrictive period following the expiration of his term or a termination event, whichever comes first;

c) Defendant Anthony Gargano be enjoined, preliminarily until hearing, and thereafter permanently, from accepting compensation of any kind from any company that is engaged in the Employer's Business within the within the Philadelphia, PA Nielsen audio market for the duration of his term of employment with Beasley, and for the six-month restrictive period following the expiration of his term or a termination event, whichever comes first;

d) Defendant Anthony Gargano be ordered to pay Beasley's reasonable attorneys' fees and costs, including, but not limited to, all costs of the investigation into Defendants' unlawful actions as well as for the enforcement of the terms and conditions of the Agreement as set forth in paragraph 18(b) of the Agreement;

e) An award of all compensable and, to the extent possible, measurable damages caused by Defendants; and

f) Beasley be awarded such other and further relief as the Court may deem just and appropriate.

Dated: September 18, 2023

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: *<u>/s/ Andrew S. Gallinaro</u>*
Andrew S. Gallinaro (PA #201326)
Gabrielle Giombetti (PA #321118)
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Phone: 610.230.2132
Email: agallinaro@fisherphillips.com
ggiombetti@fisherphillips.com

*and*

/s Michael Elkon
Michael Elkon (*pro hac vice pending*)
1230 Peachtree Street, NE
Suite 3300
Atlanta, GA 30309
Phone: 404.231.1400
Email: melkon@fisherphillips.com

**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION**

I, Joel Bell, Vice President and Market Manager for the Beasley Media Group, LLC, do hereby certify under penalty of perjury that the facts contained in the foregoing Verified Complaint are true and correct to the best of my personal knowledge, information, and belief.

By: ______________________
Joel Bell

Dated: September 18, 2023'