IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEASLEY MEDIA GROUP, LLC** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY GARGANO and BSN LIVE,** | : | |
| **INC., d/b/a ALLCITY NETWORK** | : | **NO. 23-3614** |

## ORDER

**NOW,** this 10th day of October, 2023, upon consideration of the Complaint (Doc. No. 1), the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 4), and the parties having agreed to the terms of a negotiated preliminary injunction, it is **ORDERED** that the motion for a preliminary injunction is **GRANTED.**

It is **FURTHER ORDERED** as follows:

1. Anthony Gargano's employment with Beasley Media Group, LLC ("Beasley") shall end as of the date of this Injunction. Gargano shall not be entitled to any severance compensation pursuant to the terms of the Employment Agreement (the "Agreement") filed under seal as ECF Doc. No. 3. Gargano shall be permitted to seek employment with BSN Live, Inc., d/b/a AllCity Network ("AllCity") as of the date of this Injunction, subject to the limitations set forth in this Order. Beasley shall not seek further injunctive relief challenging Gargano's hiring by or work for AllCity provided it is consistent with the below limitations.

2. Defendants are **RESTRAINED** and **ENJOINED**, directly or indirectly, and alone or in concert with others, as follows:

    (a) Gargano is prohibited from providing any services to, or for, AllCity (including its PHLY operation) related to the creation, provision, marketing,

promotion, or distribution of sports media content for or targeted to the Philadelphia Nielsen Audio Market, until six months from the date of this Injunction (the "Expiration Date").  Notwithstanding this restriction, Gargano is permitted to do the following:

    i.    Perform non-public facing administrative work for AllCity, including assisting with the development of future content that cannot be distributed, promoted, or marketed before the Expiration Date;

    ii.    Generate and market content for AllCity's operations outside of Philadelphia that is specific to those cities (e.g., Denver, Phoenix, and Chicago);

    iii.    Generate and market a sports betting-focused podcast with Parx Casino; AllCity is not permitted to market, promote, or distribute that podcast to the Philadelphia Nielsen Audio Market, but AllCity shall not be precluded from marketing, promoting, or distributing this podcast on its nationally focused website(s) and social media accounts or to any specific geographic market outside of the Philadelphia Nielsen Audio Market;

    iv.    Participate in an NFL-focused national show with Brian Baldinger; AllCity is not permitted to market, promote, or distribute that podcast to the Philadelphia Nielsen Audio Market, but AllCity shall not be precluded from marketing,

       promoting, or distributing this podcast on its nationally focused website(s) and social media accounts or to any specific geographic market outside of the Philadelphia Nielsen Audio Market; and

  v.  Author and/or contribute to written articles for AllCity provided that they are not specific to Philadelphia sports and they are not marketed, promoted, or distributed on PHLY.

  (b)  Gargano will not use or disclose any of the following Confidential Information (although Defendants reserve right to challenge that this information is truly confidential in the ongoing litigation, and this is not a finding by the Court of trade secret or confidential status) that Gargano obtained as a result of his employment with Beasley: non-public information regarding the Philadelphia Flyers or 76ers that pertains to their media relations or media business, as well as pricing/rate information that pertains to advertisers and other clients, Beasley's client list, compensation information, and non-public Nielsen or ratings information; and

  (c)  For a period of 18 months from the date of this Injunction, Gargano will not affirmatively solicit or participate in other sales activity to recruit new customers (including proposing to AllCity that it seek relationships with particular advertisers) directed to advertisers or other customers currently doing business with Beasley or having done business with Beasley in the 12 months preceding this Injunction (which Beasley shall provide to defendants in a list attached to a sworn declaration separate from this Injunction on the date of this Injunction, which

will be subject to confidentiality restrictions) for the purpose of selling or providing any products or services competitive with those offered by Beasley, which does not preclude AllCity from doing business with such advertisers even in connection with media content involving Gargano provided that he complies with this paragraph; and

(d) For a period of 18 months from the date of this Injunction, Gargano will not, directly or indirectly, solicit, recruit or induce any employee of Beasley to terminate his or her employment relationship with Beasley in order to work for defendants. AllCity shall not be precluded from hiring any individual who is no longer employed by Beasley, although Beasley does not waive any rights to enforce contractual or other legal obligations against any such individual or against AllCity related to the same.

3. Gargano is released from his post-employment commitments under the Employment Agreement with Beasley, with the exceptions of the following provisions: (i) the indemnification provisions contained in Paragraph 11(e); (ii) the non-disparagement obligations set forth in Paragraph 13; and (iii) the agreements regarding Beasley's property rights set forth in Paragraph 14. This release does not affect Beasley's claims against Gargano for conduct taking place before the entry of this Injunction.

4. This Injunction is not admissible at any future trial and is also not an admission by any party of liability or of any violation of contract or law.

5. The parties reserve all other rights related to their claims and defenses, including as to arguments for and against claimed damages and permanent injunctive relief.

6. The Consent Preliminary Injunction shall remain in effect until further Order of this Court.

7. The Court retains jurisdiction to enforce this Consent Preliminary Injunction.

_____
TIMOTHY J. SAVAGE, J.