UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEASLEY MEDIA GROUP, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:23-cv-03614-TJS |
| ANTHONY GARGANO, | : |
| and | : |
| BSN LIVE, INC. d/b/a ALLCITY NETWORK | : |
| Defendants. | : |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Beasley Media Group, LLC ("Plaintiff") filed certain claims against Defendants Anthony Gargano and BSN Live, Inc. d/b/a ALLCITY Network ("Defendants") in the above-referenced matter pending before the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-03614-TJS (the "Court Action");

WHEREAS, good cause exists for this Stipulation and Protective Order because the Plaintiff and Defendants are private litigants who wish to protect private, personal and/or confidential business and commercial information. Specifically, the parties seek to protect information relating to their policies and procedures, information deemed competitively sensitive, and private information relating to individuals not involved in this litigation;

WHEREAS, Plaintiff and Defendants would suffer injury by disclosure of information in the categories identified above. Specifically, the parties would suffer injury if their competitors were able to gain access to proprietary, confidential and/or trade secret information. Also,

individuals not involved in this litigation would suffer injury if their personal and/or private information was disclosed to the public;

WHEREAS, the discovery and pre-trial phase of the Court Action may involve disclosure of confidential business and personal information and/or information subject to a legally protected right to privacy; and

WHEREAS, the Court having found good cause to support the entry of this Order;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants (hereinafter referred to as the "Parties"), through their undersigned counsel, and So Ordered by the Court, that:

This Confidentiality Stipulation and Protective Order (the "Order") shall govern the designation and handling of documents and information produced in the Court Action by any party, third party or non-party and their counsel, including during the course of document discovery, interrogatories, depositions and any other discovery ("Discovery"). All Discovery shall be used solely for purposes of litigation between or among the Parties and for no other purpose.

NOW THEREFORE, the Parties agree as follows:

1. The term "Confidential Material," as used herein, shall include any and all information, testimony, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information, (b) that contains information received in confidence from third parties, (c) non-public financial or business information, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. The Parties shall designate the Confidential Material as confidential by stamping "CONFIDENTIAL" on each page of the Confidential Material prior to the transmission of a

physical copy thereof to any other party. In the alternative, a party shall designate the Confidential Material as confidential by identifying Confidential Material as "CONFIDENTIAL" in correspondence directed to any other party.

3. Confidential Material shall not include documents or information available in the public domain or obtained by a party from any third party lawfully entitled to make such disclosure. However, documents obtained from third parties pursuant to subpoena or written authorization by a party may be designated confidential by either party.

4. All Confidential Material produced during the course of the Court Action, and all information contained in such Confidential Material, shall be used only in connection with preparation for the Court Action and/or any hearing in the Court Action and, absent a written agreement of the Parties or order of a court of competent jurisdiction, shall not be disclosed or used by anyone except:

   a. Attorneys of record for any party to the Court Action, including partners and associates in any law firm or corporation appearing as counsel of record in the Court Action;

   b. Regular employees of any law firm or corporation appearing as counsel of record in the Court Action, including paralegals, secretaries, and other clerical staff;

   c. Any party, including any officer or employee of any party, to the Court Action, including in-house counsel;

   d. Outside experts or consultants retained by any party, but only to the extent necessary to assist the Parties, and their attorneys, in the preparation and presentation of their claims or defenses;

  e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

  f. Persons who have authored, prepared or assisted in the preparation of any particular document or materials;

  g. Any witness in the course of, or in preparation for, testimony at a deposition or hearing in this matter;

  h. Travis J. Thompson, Esquire; and

  i. the Court and Court personnel during the course of any hearings in the Court Action.

  5. Any party may designate as "HIGHLY CONFIDENTIAL" information that it deems so competitively sensitive that it should not be learned by its competitors. Such information includes but is not limited to trade secrets, competitively sensitive technical, marketing, strategic, financial, training, or other confidential business information. HIGHLY CONFIDENTIAL information shall be disclosed only to: 1) counsel for any party in the Court Action and who have signed this Order, 2) independent experts retained by any party, but only to the extent necessary to assist the Parties, and their attorneys, in the preparation and presentation of their claims or defenses and who have signed this Order, and 3) in-house counsel, partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to the Court Action. All other

terms and procedures set forth in this Agreement applying to information designated "CONFIDENTIAL" shall apply equally to information designated as "HIGHLY CONFIDENTIAL." A designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any party shall have no evidentiary value, and shall not be admissible by one party against the other for any purpose.

6.  If HIGHLY CONFIDENTIAL material is included in an affidavit, written statement, response to interrogatories or request for admission and/or attached as an exhibit to a pleading or motion in the Court Action, the party including such document or information shall place a "CONFIDENTIAL" legend on the page on which it appears and, if and when the party seeks to file such document with the Court, the party agrees to first seek an order from the Court authorizing that such document may be filed under seal.

7.  Counsel shall seek leave to file under seal all CONFIDENTIAL and HIGHLY CONFIDENTIAL material submitted to the Court and all briefs, memoranda, transcripts or other documents submitted to the Court that make specific reference to documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All documents that are filed under seal pursuant to this Order shall be processed and retained by the Court in accordance with its rules, and shall be available to the Court and its personnel, to the Parties to this action and to counsel for the parties to this action for viewing and/or copying.

8.  The designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL material pursuant to this Agreement shall not constitute a ruling that those materials actually contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

9.  A party objecting to the confidentiality designation given to a document may notify all parties and any concerned non-party in writing and state the basis for its objection. Promptly

after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality.  If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the party that seeks to keep certain materials confidential shall present the dispute to the Court in accordance with the Court's procedures.

10. Upon a party's inadvertent production of a document without a confidentiality designation, that producing party cannot, more than fourteen (14) days thereafter, unilaterally declare those documents to be confidential, but must instead seek an agreement of the Parties or an order to that affect from a court of competent jurisdiction.

11. Inadvertent production of any document or information that a party claims is subject to the attorney-client or other privilege or protected by the attorney work-product doctrine, however, shall not be deemed a waiver of any claim of privilege or work-product protection as to such matter or as to any other matter.  Upon written notice of such inadvertent production from the producing party, all copies of any such document or information shall promptly be returned to the producing party.  Nothing herein shall be deemed to waive any applicable privilege or work-product protection.

12. Upon completion of the Court Action, the parties agree to:

   a. Return all Confidential Material, including copies thereof, to the party that deemed it confidential or its undersigned counsel at that party's or counsel's request; or

   b. Destroy all such materials and copies thereof; or

   c. Maintain one copy solely for counsel's record keeping purposes.

13. Any third-party to be furnished with a copy of a document or other material subject to this Order shall first be given a copy of this Order, read it and sign the attached Certificate

Regarding Confidentiality (Exhibit A), thereby agreeing to be bound by its terms as if a party to this Court Action and a signatory to this Order.

14. Absent a written agreement of the Parties or an order of a court of competent jurisdiction, no copies of any documents or material shall be made or delivered to any person other than those categories or persons referred to explicitly in paragraph "4" above, except any copy actually marked as an exhibit at the hearing in this matter. This provision shall not prevent counsel from making copies for their own use, or use by their office assistants.

15. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the producing party consents in advance to such disclosure in writing or if the Court orders such disclosure upon good cause shown. In the event a party proposes to disclose Confidential Material to any person who is not included in those categories of persons referred to in paragraph "4" above, prior notice shall be given to the party claiming confidentiality and, if that party objects to the disclosure of her/its documents or information, the document or information shall not be disclosed. A party will not be deemed to be in violation of this Order if it provides documents to a third party in response to a valid subpoena or other legal process provided, however, that the party served with the subpoena or other legal process shall notify the opposing party before producing responsive documents, in order to give that party a reasonable opportunity to quash or modify the subpoena, or to seek any other relief deemed necessary.

16. Nothing in this Order shall preclude any party from applying to a court of competent jurisdiction for additional or different protective provisions in respect to specific documents should the need arise.

17. This Order does not relieve any person and/or entity of any other obligation of confidentiality that exists by virtue of any other agreement or law, including any other confidentiality agreements between the parties.

18. This Order does not relate to the admissibility into evidence of any Confidential Material during the Court Action. All Parties are free to tender such documents, and all Parties are free to object, at the time of any hearing in the Court Action.

19. In the event that additional persons become parties to this action, they shall not have access to Confidential Material produced or obtained pursuant to this Order until the newly joined party or their counsel confirms in writing to all other parties that they have read this Order and agree to be bound by its terms.

20. Prior to trial, the parties shall submit for the Court's approval an agreed procedure by which the parties may offer redactions and/or designate portions of the trial transcript and exhibits as Confidential Material before they become publicly available or part of the public record.

21. The Parties agree that this Order may be executed in one or more counterparts, all of which, taken together, shall constitute one single instrument.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

Respectfully Submitted,

*/s/ Andrew S. Gallinaro*
Andrew S. Gallinaro
Michael P. Elkon (pro hac vice)
Fisher & Phillips, LLP
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
(610) 230-2130
agallinaro@fisherphillips.com
melkon@fisherphillips.com
*Attorneys for Plaintiff*

*/s/ Scott M. Pollins*
Scott M. Pollins
Pollins Law
303 W. Lancaster Ave., Ste. 1C
Wayne, PA 19087
(610) 896-9909
scott@pollinslaw.com
*Attorney for Defendant Anthony Gargano*

  */s/ Michael J. Puma*
Michael J. Puma
Jeffrey Becker
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
michael.puma@morganlewis.com
jeffrey.becker@morganlewis.com
*Attorneys for Defendant BSN Live, Inc.*

BY THE COURT:

_____
Honorable Timothy J. Savage

## EXHIBIT A

## CERTIFICATE REGARDING CONFIDENTIALITY

Name:

Company/Affiliation:

Position:

Signature:

Date:

I understand that confidential documents, data, and/or information will or may be disclosed to me for purposes of the action filed by Plaintiff Beasley Media Group, LLC ("Plaintiff") against Defendants Anthony Gargano and BSN Live, Inc. d/b/a ALLCITY Network ("Defendants") in matters pending before the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-03614-TJS (the "Court Action").  I have been advised that, by agreement between the parties to the Court Action and by Order of the Court, such confidential documents, data and/or information may not be used for any purposes other than preparation and litigation of the Court Action.  I agree to be bound by the terms and conditions set forth in the Confidentiality Stipulation and Protective Order ("Order") entered between the parties and entered by the Court.  I have been further advised that any unauthorized use or disclosure by me of such documents, data and/or information will be treated as a breach of the Order.